UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RONALD EARL PLOOF,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Case No. 15-cv-06040-NJV<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING ALL FEDERAL DEFENDANTS**<br><br>Re: Dkt. No. 17 |

Ronald Earl Ploof, proceeding pro se, filed this civil action on December 23, 2015. The parties who have appeared have consented to the jurisdiction of the magistrate judge. (Docs. 10, 18.) Pending before the court is the Motion to Dismiss filed March 23, 2016, by Defendants the Internal Revenue Service and John Koskinen, Commissioner of the Internal Revenue Service. (Doc. 17.) For the reasons discussed below, the court grants the Motion to Dismiss and will dismiss all federal Defendants.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. On such a motion, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). The United States, as a sovereign, may not be sued except in strict

accordance with the terms of a specific and explicit waiver of sovereign immunity granted by Congress, and the terms of the waiver define the court's jurisdiction. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (construing Section 106 of the Bankruptcy Code); *United States v. Dalm*, 494 U.S. 596, 608 (1990) (construing 28 U.S.C. Section 1346(a)(1)). Waivers of sovereign immunity "cannot be implied, but must be unequivocally expressed," and are strictly construed in favor of the sovereign. *Dunn & Black P.S. v. U.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985)). Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. *Id*.

## DISCUSSION

Defendants the Internal Revenue Service and John Koskinen, Commissioner of the Internal Revenue Service, move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Although Plaintiff has the burden of establishing subject matter jurisdiction and asserting a waiver of sovereign immunity, the Complaint fails to assert any such waiver of sovereign immunity by the United States. Plaintiff merely alleges that "the federal court has jurisdiction because it deals with the IRS the Securities and Exchange Commission & Congressman Huffman." Complaint, p. 12. Plaintiff does not cite any statute authorizing this court to exercise jurisdiction over any of the claims against the several federal defendants named in this action.

Although 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1340 generally confers jurisdiction for matters arising under the Internal Revenue Code ("IRC" or "Title 26"), it is well established that the United States has not waived its sovereign immunity to suit based on general jurisdictional statutes. *See Hughes v. U.S.*, 953 F. 2d 531, 539 n. 5 (9th Cir. 1992) (neither 28 U.S.C. §§ 1331, 1340 nor 1343 constitute a waiver of sovereign immunity). Rather, the grant of jurisdiction in such statutes is limited to cases in which the Government has already consented to suit. *See Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991) (discussing waiver of sovereign immunity under 28 U.S.C. § 7426 and 28 U.S.C.

1  § 2410). In this instance, the United States has not consented to suit.

2  Where, as here, a federal employee is named as a defendant in his official capacity and a judgment necessarily would operate against the Government, the suit is considered to be one against the United States, for which there must be a waiver of sovereign immunity allowing the suit to be maintained. *Land v. Dollar*, 330 U.S. 731, 737-38 (1947); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Again, Plaintiff bears the burden of establishing both jurisdiction and a waiver of sovereign immunity in a suit against the United States. In certain circumstances, a suit for damages may be maintained against an official of the United States in his individual or personal capacity for alleged violations of an individual's constitutional rights. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Stonecipher v. Bray*, 653 F.2d 398, 401-403 (9th Cir. 1981). Plaintiff's Complaint is devoid of allegations based on individual acts by Commissioner Koskinen or other federal employees depriving him of his constitutional rights. Accordingly, the court cannot construe this action as a *Bivens* action against the named federal employees in their individual capacities.

Based on the foregoing, the court finds that Plaintiff has failed to meet his burden of showing that the court may exercise subject matter jurisdiction over the Internal Revenue Service and John Koskinen, Commissioner of the Internal Revenue Service. For the same reasons, the court further finds that Plaintiff has failed to demonstrate the existence of subject matter jurisdiction over the other named federal defendants: Congressman Jared Huffman, the United States Securities and Exchange Commission, Jack Hardy, Roy Sheetz, and Amy Rosenthal. Accordingly, this action must be dismissed for lack of subject matter jurisdiction as against all federal defendants. Because the court has determined that it lacks subject matter jurisdiction, it does not reach Defendants' arguments regarding other grounds for dismissal.

//
//
//
//
//

3

1    The Motion to Dismiss is GRANTED.  Defendants the Internal Revenue Service; John
2  Koskinen, Commissioner of the Internal Revenue Service; Congressman Jared Huffman; the
3  United States Securities and Exchange Commission; Jack Hardy; Roy Sheetz, and Amy Rosenthal
4  are HEREBY DISMISSED from this action with prejudice.
5    **IT IS SO ORDERED.**

7  Dated: May 24, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

4